Green, Judge,
delivered the opinion:
On May 8, 1926, the plaintiff reenlisted in the United States Coast Guard under what was denominated a “Spe *404 cial Temporary Enlistment Contract ” under which he agi'eed to serve during the term of one year from said date “ unless sooner discharged by proper authority,” and the United States agreed that he should be paid “ the amount now established * * * by authority of law.” On May 24, 1926, plaintiff was given what was denominated an “ Ordinary Discharge.” Across the face of the discharge was written:
“ Discharged for physical disability not incident to service. Not eligible for reenlistment.
“ (Signed) P. W. Lauriat.”
The person signing the discharge was the commanding officer of the United States Coast Guard vessel Yamacraw.
The contention of the plaintiff is that he was not discharged by “ proper authority.” Specifically, the basis of this contention is that the regulations of the Coast Guard were not followed in the matter of the discharge of plaintiff, and for that reason he is entitled to recover the amount of pay and allowances which he would have received had he continued in the service for the period of his enlistment. This constitutes the issue in the case.
The evidence shows that plaintiff, who had previously been in the service of the Coast' Guard, applied for reenlistment, and was examined by a medical officer of the Coast Guard, who discovered that he had a skin lesion on his toes which disqualified him for permanent enlistment. But the plaintiff told him that it was caused by a burn from acid, and in the record of the physical examination made at the time the doctor certified that it “ appears to be a chemical burn. Enlisted as special temporary until this lesion clears up.” Afterwards plaintiff reported for treatment and was treated practically every day, the doctor having changed the diagnosis to that of eczema. This disease did not necessarily physically disqualify the plaintiff, but rendered it doubtful about his being able to perform his duties when at sea. Subsequent to the treatments the same medical officer certified that plaintiff was unfit for duty and required treatment in a hospital, which was accordingly given him.
*405 It does not seem to be contended that the commanding officer of the vessel on which plaintiff served was not the proper person to make the discharge. The' contention of plaintiff is that his discharge was unlawful because certain instructions contained in a Coast Guard circular letter, as set out in Finding III, were not followed, and that this is shown by the report of the commanding officer with reference to the discharge of plaintiff, as set out in Finding IV.
It may be said at the outset that the procedure directed by the circular above referred to was not observed when plaintiff was discharged. It is doubtful whether the directions contained therein can properly be called regulations, for they were merely instructions directed to the officers of the Coast Guard. In any event, whether regulations or instructions, they pertained solely to administrative matters and not to any duties prescribed by law. In determining the question of whether the action of the commanding officer in making the discharge was lawful, we think it is entirely immaterial as to whether these instructions were followed.
The Coast Guard is by statute made a part of the military forces of the United States. The law provides that it shall operate under the Treasury Department in time of peace, and as a part of the Navy under the direction of the Secretary of the Navy in time of war, or whenever the President shall so direct. The law further provides (U. S. C. A., title 14, chap. 8, sec. 208)—
“ (a) Under such regulations as he may prescribe the Secretary. of the Treasury is authorized to appoint temporary warrant officers, and to make special temporary enlistments, in the Coast Guard. * * * ”
It will be observed that the law leaves the nature of these regulations entirely to the discretion of the Secretary of the Treasury and does not prescribe that certain things shall be done or regulations made in order to carry out the purpose of the act. Any regulation that the Secretary may have made could be set aside by him at any time and a new and different one promulgated if it did not conflict with *406 the general purpose and intent of the statute enacted with reference to the Coast Guard. Moreover, the plaintiff was a part of the military forces of the United States, and the general rules with reference to persons in the service of the Army or Navy apply. In Reid v. United States, 161 Fed. 469, it is said with reference to a soldier’s enlistment that—
“ * * * it is, on the part of the Government, a general contract terminable at will, if that will be expressed through a proper officer.”
The rule, we think, applies equally to the Coast Guard as it does to the Army. Nothing is expressed in the enlistment papers of plaintiff as to what reasons shall be sufficient for a discharge, nor is there anything that would indicate that he could only be discharged in accordance with certain regulations made by the Treasury Department. If the commanding officer of plaintiff failed to observe some regulation made by the Treasury in making the discharge, he-could be called to account by the Secretary of the Treasury should that official see fit. But as long as no statute was violated by the manner of plaintiff’s discharge, the fact that it was not in accordance with some Treasury directions can not, in our opinion, avail him.
The regulations established by the Treasury Department pertain solely to administrative matters. As before stated,, they were not made for the purpose of carrying out any provision of the law but solely in the interest of orderly and consistent procedure in the service. It appears to be well settled not only by court decisions but by an unbroken practice in the military service which dates back to a time long-preceding the organization of our Government that the courts will not interfere with or review the actions of proper-officers in the military forces done in some administrative proceeding and not in conflict with any statute.
The conclusions expressed above make it unnecessary to-determine the question of whether plaintiff’s petition was filed in time or to review the authorities cited by defendant in support of its contention that the claim is barred by laches. It will be observed, however, that the cases so cited were- *407 those in which the discharge of a public official was involved and not an enlisted man.
It follows that plaintiff’s petition must be dismissed, and it is so ordered.
Whaley, Judge; Williams, Judge; Littleton, Judge; and Booth, Chief Justice, concur.