JoNus,'Chief Judges

delivered the-opinion of the court:
Plaintiff, a retired naval officer, claims he is entitled to the retirement pay of an officer of his rank, with over 23 years of service.
The defendant asserts that plaintiff has had less than 23 years of service. " '
The issue turns on whether a retired officer, who is recalled to active duty, may count proceed time in computing his service for retired, pay purposes. If so, plaintiff has more •than 23 years of active service; otherwise not. •
Plaintiff entered the Naval Academy on September 7,1885, and served as a commissioned officer until June 1,1899, when he was retired.
He was recalled to active duty six different times between 1902 and 1919.
According to the defendant’s method of calculation plaintiff is allowed actúa,! travel time, making his service record ,22 years, 11 months and 9 days.
In addition, plaintiff claims extra time as proceed, or preparation, time in connection with each tour of duty, or a total of 31 days:in addition to his actual travel time, which, if added to the amount calculated by the Navy, would make his period of service more than 23 years.
Prior to November 1, 1950, plaintiff had been receiving the pay of á lieutenant commander with over 23 years of service. On that' date the records of retired personnel were reviewed to see whether they came within the Career Compensation Act of 1949, 63 Stat. 802. In checking the records the error a,s to previous estimates, according to the Navy’s method of calculation,, was discovered. It was found that if the record was so corrected plaintiff would have less than 23 years of service and thus would fall into a lower pay bracket. There is a slight variation in the actual travel time claimed by plaintiff and that calculated by the Navy, but this is immaterial, since by either calculation proceed time is required to give plaintiff more than 23 years of service. . ,
*787 Proceed time is the time allowed a regular naval officer, upon receiving orders to proceed to a new station, to arrange bis affairs before actually entering upon a travel status.
The pertinent administrative regulation is as follows:
Bureau of Naval Personnel Manual, Article C-5315 (1) (g)=
(g) * * * Betired and reserve officers are not
entitled to proceed time when ordered to active duty or when proceeding to their homes upon release from active duty.
The Comptroller General has held that reserve officers cannot receive pay and allowances upon orders except for the time when they are actually traveling (20 Comp. Gen. 845). The quoted regulation places retired and reserve officers in the same category as respects proceed time.
The Navy Department has ruled that plaintiff’s service is less than 28 years. The regulation does not contravene any statute. It is a matter of internal regulation and in the circumstances it is not within our province to intervene. Palmer v. United States, 72 C. Cls. 401, 406.
The Navy has allowed actual travel time according to its regulations, and with this allowance plaintiff has less than 23 years of service.
In peacetime a retired officer may not be recalled to duty except upon his own application. Thus in such case the reason for allowing proceed time to one on active duty does not exist.
Five of plaintiff’s six tours of duty were in peacetime.
According to the regulations and practice of the Navy plaintiff was not entitled to proceed time in addition to actual travel time.
Plaintiff’s motion for summary judgment is denied. The motion of defendant for summary judgment is granted and the petition of plaintiff is dismissed.
Howell, Judge; Madden, Judge; Whitaker, Judge; and Littleton, Judge, concur.